# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE MORRISON, | 1:11-cv-1137-MJS (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | (ECF No. 10) |
| DONNIE YOUNGBLOOD, et al., | |
| Defendant. | |

Plaintiff Richard Lee Morrison ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

On May 7, 2012, the Court issued an Order to Plaintiff to show cause by May 24, 2012 why his case should not be dismissed for failure to prosecute. (ECF No. 10.) May 24, 2012, has passed without Plaintiff complying with or otherwise responding to the Court's Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the

1  inherent power to control their dockets and "in the exercise of that power, they may
2  impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.
3  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
4  prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
5  or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
6  Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
7  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
8  amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
9  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
10 apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
11 (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421,
12 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local
13 rules).

14       In determining whether to dismiss an action for lack of prosecution, failure to obey
15 a court order, or failure to comply with local rules, the Court must consider several factors:
16 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
17 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
18 disposition of cases on their merits; and (5) the availability of less drastic alternatives.
19 Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
20 Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

21       In the instant case, the Court finds that the public's interest in expeditiously
22 resolving this litigation and the Court's interest in managing its docket weigh in favor of
23 dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of
24 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
25 in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
26 fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
27
28                                         -2-

1  outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's
2  warning to a party that his failure to obey the court's order will result in dismissal satisfies
3  the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
4  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly
5  stated: "Failure to meet this deadline will result in dismissal of this action."  (ECF No. 10.)
6  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance
7  with the Court's Order.
8      Accordingly, this action is HEREBY DISMISSED, without prejudice, based on
9  Plaintiff's failure to obey the Court's May 7, 2012, Order (ECF No. 10).

12 IT IS SO ORDERED.

13 Dated:   June 13, 2012              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE